UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.J.C., by and through his parent and Guardian ad Litem, FREDDIE L. CROMER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DIGNITY HEALTH d/b/a CALIFORNIA HOSPITAL MEDICAL CENTER, et al.,<br><br>Defendants. | Case No. 2:24-cv-04731 WLH (SKx)<br><br>**ORDER RE THE GOVERNMENT'S MOTION TO REMAND [13] AND PLAINTIFFS' MOTION TO REMAND [12]** |

This is a medical malpractice case. Before the Court are the United States's Motion to Remand (U.S. Motion, Docket No. 13) and Plaintiffs' Motion to Remand (Plaintiffs' Motion, Docket No. 18). On August 21, 2024, the Court found the matters appropriate for decision without oral argument and took the matters under submission. (Scheduling Notice, Docket No. 27). For the reasons below, both motions are **DENIED**.

**I.  BACKGROUND**

On February 29, 2024, Plaintiffs Freddie L. Cromer and his five minor children (collectively, "Plaintiffs") brought this action in the Superior Court of the State of

1 California for the County of Los Angeles.¹ Plaintiffs are the surviving husband and the five minor children of decedent Bridgette Breana Burks ("Ms. Burks"). (Docket No. 18 at 1). Defendants Eisner Health, Ian Tilley, M.D., Penelope Velasco, M.D., Lillian Morris, M.D., and Nathana Lurvey, M.D. are employees of Defendant Eisner Pediatric & Family Medical Center (collectively, "Eisner Defendants"). (Complaint, Docket No. 1 at 21–43). Plaintiffs allege that the negligence of the Eisner Defendants caused the death of Ms. Burks on March 2, 2023, shortly after she gave birth at California Hospital Medical Center. (*Id.*).

On May 24, 2024, the Attorney General (through the local United States Attorney) made a "limited appearance to advise [the Los Angeles Superior Court] that whether [the Eisner Defendants] are deemed to be employees of the Public Health Service for purposes of 42 U.S.C. § 233 with respect to the actions or omissions that are the subject of the above captioned action, is under consideration." (Notice to State Court, Docket No. 13-4 at 117). On June 5, 2024, the Eisner Defendants removed the case to this Court. (Notice of Removal, Docket No. 1).

On June 21, 2024, the United States (the "Government") filed a motion to remand. (Docket No. 13). The Eisner Defendants opposed (Opposition, Docket No. 20), and the Government replied (Reply, Docket No. 24). On July 3, 2024, Plaintiffs also filed a motion to remand. (Docket No. 18). The Eisner Defendants opposed (Opposition, Docket No. 21), and Plaintiffs replied (Reply, Docket No. 23). On September 6, 2024, and on September 9, 2024, the parties provided this Court with supplemental authority following the Ninth Circuit's decisions in *A.H. v. Khalifa*, No. 22-56061, 2024 WL 4119690 (9th Cir. Sept. 9, 2024) and *Blumberger v. Tilley*, 115 F. 4th 1113 (9th Cir. 2024). (Supplemental Authority, Docket Nos. 28–29).

---

¹ The complaint attached to the notice of removal was an incorrectly dated copy, and the original complaint was filed on February 29, 2024. (Docket No. 13 at 6; Docket No. 20 at 5).

2

## II. DISCUSSION

In their motions to remand, Plaintiffs and the Government assert that there are only two scenarios when a case may be removed under 42 U.S.C. § 233: (1) upon certification by the Attorney General that the defendant was acting in the scope of his employment at the time as a deemed employee, or (2) if the Attorney General fails to appear in state court within 15 days of receiving notice of the lawsuit. (Docket No. 13 at 8; Docket No. 18 at 3–4). The Plaintiffs and the Government argue that neither circumstance occurred, and therefore the Eisner Defendants improperly removed this case. (Docket No. 13 at 8–11; Docket No. 18 at 3–4). The Eisner Defendants respond that they properly removed the case after the Attorney General failed to advise the state court of their deemed status. (Docket No. 20 at 10).

This matter finds itself entangled within "the thicket" that is 42 U.S.C. § 233. *See Blumenfeld*, 115 F. 4th at 1126 ("[W]e return to the thicket of § 233. It is hardly a model of clarity, so we proceed with caution . . . ."). This Court first outlines the relevant statutory scheme.

The United States Public Health Service ("PHS") is a federal uniformed service within the Department of Health and Human Services ("HHS"). *Id.* at 1117. "When an employee of the PHS is sued for medical malpractice arising from acts or omissions within the scope of his employment, the United States is substituted as the defendant, and the malpractice action proceeds against the government under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–80." *Id.* This remedy—"exclusive of any other civil action or proceeding"—"grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment." *Id.* (quoting *Hui v. Castaneda*, 559 U.S. 799, 806 (2010)).

To entice medical providers to join federally funded health centers, Congress enacted the Federal Supported Health Centers Assistance Act ("FSHCAA"). *Id.* Under FSHCAA, federally funded health centers, and the employees of those health centers,

3

"can be 'deemed' federal employees of the PHS for the purposes of malpractice liability." *Id.* When plaintiffs sue "deemed employees" for actions taken within the scope of their employment, the Government "is similarly substituted as the defendant and the action proceeds as an FTCA suit," as described above. *Id.*

When a health center receives federal funds, it may apply with the Secretary of HHS to be "deemed" an employee of PHS. *Id.* at 1118. Upon approval, the entity, including its employees, "are deemed PHS employees for one calendar year." *Id.* This status as a deemed employee "applies with respect to suits initiated by any patient of the entity." *Id.* Although the Secretary's deeming decision is "generally 'final and binding upon the Secretary and the Attorney General,'" the decision "does not automatically immunize a covered entity or employee from a particular malpractice suit." *Id.* (quoting 42 U.S.C. § 233(g)(1)(F)). "Instead, to be eligible for FTCA immunity, the 'act or omission [giving] rise to the claim' must also have occurred while the defendant was 'acting within the scope of his office or employment.'" *Id.* (quoting 42 U.S.C. § 233(a)). Only when the act or omission occurred within the scope of defendant's employment "must the Attorney General defend a civil action against [the] deemed employee." *Id.*

Pursuant to 42 U.S.C. § 233, when a civil action is filed in state court, the Attorney General must "make an appearance in such court" within 15 days. 42 U.S.C. § 233(*l*)(1). During that appearance, the Attorney General must "advise" the state court "as to whether the [HHS] Secretary has determined" that the entity or employee "is deemed to be an employee of the [PHS] . . . with respect to the actions or omissions that are the subject of such civil action or proceeding." *Id.* If the Attorney General delivers an affirmative scope-of-employment certification, then the Attorney General must remove the case to federal court. *Blumberger*, 115 F.4th at 1119. On the other hand, "[i]f the Attorney General fails to appear in State court within" 15 days, then the defendant may remove the case to federal court, without action by the Attorney General. *Id.* (quoting 42 U.S.C. § 233(*l*)). In a situation where an employee removes the case

4

1  without action from the Attorney General, the "state court is deprived of jurisdiction, and the case is stayed until the federal court 'conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claims.'" *Id.* (quoting 42 U.S.C. § 233(*l*)).

The Ninth Circuit recently shed light on the intricacies of 42 U.S.C. § 233 in two related rulings: *Blumberger*, 115 F.4th 1113 and *A.H.*, 2024 WL 4119690. The two cases presented "nearly identical facts." *A.H.*, 2024 WL 4119690, at *1. This Court will summarize the facts from *Blumberger*. A doctor working at California Hospital Medical Center (located "just blocks" away from the federally funded Eisner) allegedly "failed to provide proper medical care" when delivering a baby. *Blumberger*, 115 F.4th at 1120. The doctor's patient filed a complaint in state court. *Id.* Within 15 days of receiving notice, the Attorney General appeared in state court and notified the state court that "whether [the defendant doctor] . . . [was] deemed to be an employee of the [PHS] for purposes of 42 U.S.C. § 233 with respect to actions or omissions that are the subject of the [lawsuit], [was] *under consideration*." *Id.* (emphasis added). The Attorney General did not remove the case. *Id.* Approximately one year later, the Attorney General amended the notice to state court to read that the doctor was "*not* deemed to be an employee of the [PHS] . . . with respect to the actions or omissions that are the subject of the [lawsuit]." *Id.* (emphasis in original).

After outlining this factual timeline, the Ninth Circuit dove into analyzing 42 U.S.C. § 233. *Id.* The Ninth Circuit examined the distinction between the terms "deemed" and "covered." *Id.* at 1128. The term "deemed" refers to "whether the Secretary has determined that a qualified entity's employees have PHS status for a 'calendar year.'" Whereas, "covered" refers to "whether the Attorney General has determined that a PHS employee was acting within the scope of his employment 'at the time of the incident out of which the suit arose.'" *Id.* Based on that distinction, the Ninth Circuit clarified that when an Attorney General appears in state court within the 15-day deadline, an Attorney General is at that moment "obligate[d] . . . to report on the

5

*Secretary*'s deeming decision." *Id.* at 1129. In other words, the Attorney General need not report on his or her own coverage decision, but simply "advise the state court whether the employee was deemed a PHS employee by the [HHS] Secretary for the relevant time period and was providing the categories of medical services for which he was deemed." *Id.* The Ninth Circuit calls this initial report "a simple up-down certification" that "requires access to only two documents—the deeming notice issued by HHS and the complaint." *Id.* at 1133. If the HHS Secretary had given a defendant deemed status, then the Attorney General would be "obligated to advise the state court in the affirmative" of that deemed status and "remove the case to federal court." *Id.* at 1139. The Ninth Circuit noted that that Attorney General should remove the case "as expeditiously as possible." *Id.* Once the case is removed, the Attorney General, defendant, or plaintiff has 30 days to move to remand the case "on the basis that [defendant] was not acting within the scope of his employment." *Id.*

Applying this reasoning, the Ninth Circuit determined that because the Attorney General in *Blumberger* merely told the state court that the defendant doctor's status was "under consideration," the Attorney General failed to meet the advice requirement of § 233(*l*)(1). *Id.* The Ninth Circuit vacated the district court's order, which had remanded the lawsuit to state court, and instead remanded the case to the district court for proceedings consistent with § 233. *Id.* at 1140. The Ninth Circuit instructed that the "district court should, upon a timely motion to remand, hold a hearing to determine whether 'the case so removed is one in which a remedy by suit within the meaning of subsection (a) . . . is not available against the United States," during which the Government "is free to contest whether [the doctor] was acting within the scope of his employment." *Id.*

We apply *Blumberger*'s reasoning here. As in *Blumberger*, the Attorney General proceeded incorrectly. *See id.* at 1139. The Attorney General, through the United States Attorney, appeared in state court within the 15-day deadline but merely stated that the status of the Eisner Defendants was "under consideration." The Attorney General

6

should have instead reviewed the HHS's deeming notice and Plaintiffs' complaint and informed the Court as to the Secretary's deeming designation. *See id.* at 1133–34 ("[T]he question of [defendant's] status could be answered by looking at the 'Notice of Deeming Action' issued by HHS's [HRSA], and the complaint . . . . The notice covered Eisner and its employees . . . . And the complaint clearly states that [plaintiff's] cause of action arose out of conduct that is medical . . . .").

If the Attorney General had reviewed the deeming notice and complaint, the Attorney General would have observed that the HHS Secretary "approved Eisner's deeming application for calendar year 2023," (*see* Docket No. 1 ¶ 2; Docket No. 20 at 10), and Plaintiffs' lawsuit arose out of conduct that is "medical" in nature during calendar year 2023 (*see, e.g.*, Docket No. 1 at 32 ("Bridgette succumbed to her condition . . . a devastating outcome attributed to the poor medical treatment she received.")). Thus, within the 15-day deadline, the Attorney General "was obligated to advise the state court in the affirmative" that the Eisner Defendants' had "deemed status." *See id.* at 1139. The Attorney General should have then removed the case "as expeditiously as possible." *See id.* The Court does not fault the Government for its misstep, as the misstep occurred before the Ninth Circuit clarified the correct procedure in *Blumberger* and *A.H. See* 115 F.4th at 1139 ("[The government] was incorrect, but it is hard to fault the government; before our decision today, the advice requirement of § 233(*l*)(1) was subject to different interpretations, each one plausible."). Nonetheless, the Court cannot grant Plaintiffs' and the Government's motions to remand, given that the case needed to be removed—specifically by the Government—months ago. *See id.* at 1139–40 ("Given the significant time that has passed since the government should have advised the state court of [defendant's] status, we choose to vacate the district court's order remanding the lawsuit to state court and we remand this case to the district court for further proceedings consistent with § 233.").

The parties, including the Government, are "free to contest" whether the Eisner Defendants were "acting within the scope of [their] employment" on "a timely motion

to remand." *See id.* at 1140.  Because "significant time . . . has passed since the [G]overnment should have advised the state court" of the deemed status, and because the Government should have "expeditiously" removed the case soon after informing the state court of the deemed status, the parties have 30 days from this order to move to remand the case on the basis that the Eisner Defendants were not acting within the scope of their employment.  *See id.* ("Upon removal, the Attorney General, defendant, or plaintiff can move within 30 days to remand the case on the basis that [defendant] was not acting within the scope of his employment.").

The Court need not address the parties' arguments regarding whether removal was permissible under 28 U.S.C. § 1442 because this case should have been removed under 42 U.S.C. § 233.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** the Government's Motion to Remand and **DENIES** Plaintiffs' Motion to Remand.

**IT IS SO ORDERED.**

Dated:  October 31, 2024

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE